# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made on this ___ day of June 2016, by and between JAMES KIMBLER and CONCRETE PLACEMENT CONSTRUCTION, INC., its officers, agents, parent or subsidiary corporations, affiliates, joint employers, and/or representatives ("Defendants") and ROBERT WAY ("Plaintiff") (Defendants and Plaintiff together "the Parties"):

WHEREAS, Plaintiff has filed the lawsuit, *Way v. Concrete Placement Construction, Inc., et al.*, Case No.: 1:16-CV-00998-LMM in the United States District Court, Northern District of Georgia, Atlanta Division ("Court") seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA").

WHEREAS, Defendants deny liability herein, any violation of the FLSA and any wrongdoing with respect to Plaintiff; and

WHEREAS, the Parties wish to avoid continued litigation, and settle and resolve the controversy between them amicably and expeditiously.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned parties that the Threatened Litigation is hereby resolved as follows:

1.     **Recitals**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.     **Definition of Parties**.

a.     "Employee" shall be defined to include, but is not limited to, Robert Way, and all affiliated persons or entities, including, but not limited to, his present or former spouse, domestic partner, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.

b.     "Employer" shall be defined as Concrete Placement Construction, Inc. and James Kimbler, and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or

1

stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

c.    The "Parties" are defined as Employee and Employer.

**3.    Consideration.**   In consideration for the execution by Plaintiff of this Agreement, and compliance by Plaintiff with the promises made herein, Employer agrees to pay a total of EIGHTEEN THOUSAND ($18,000.00) DOLLARS to Plaintiff and his attorneys, comprised of (a) $4,000 in unpaid wages payable to Plaintiff; (b) $4,000 in liquidated damages payable to Plaintiff; and (c) $10,000 in reasonable attorneys' fees and costs payable to Morgan & Morgan, P.A., as follows:

**First Payment:**

Within fifteen (15) days after their counsel's receipt of this Agreement containing Plaintiff's original signature, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.00.

**Second Payment:**

Within thirty (30) days of the First Payment or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Third Payment:**

Within thirty (30) days of the Second Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Fourth Payment:**

Within thirty (30) days of the Third Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Fifth Payment:**

2

Within thirty (30) days of the Fourth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Sixth Payment:**

Within thirty (30) days of the Fifth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Seventh Payment:**

Within thirty (30) days of the Sixth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Eighth Payment:**

Within thirty (30) days of the Seventh Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Ninth Payment:**

Within thirty (30) days of the Eighth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Tenth Payment:**

Within thirty (30) days of the Ninth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Eleventh Payment:**

Within thirty (30) days of the Tenth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Twelfth Payment:**

Within thirty (30) days of the Eleventh Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Thirteenth Payment:**

Within thirty (30) days of the Twelfth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Fourteenth Payment:**

Within thirty (30) days of the Thirteenth Payment. or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Fifteenth Payment:**

Within thirty (30) days of the Fourteenth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Robert Way" in the amount of $1,000.

**Sixteenth Payment:**

Within thirty (30) days of the Fifteenth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Seventeenth Payment:**

Within thirty (30) days of the Sixteenth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

**Eighteenth Payment:**

Within thirty (30) days of the Seventeenth Payment, or by the 15th of the following month, whichever is earlier, Defendants shall remit to Plaintiff's counsel a check payable to "Morgan & Morgan, P.A." in the amount of $1,000.

To the extent Defendants fail to make one of more payments as stated in this paragraph, Defendants shall have a 10 day grace period within which they can make payment and such payments will be deemed timely hereunder.

4.    **In the Event of Default.**

To the extent Defendants fail to make one or more payments as stated in Paragraph 3, herein, within the time periods set forth in this paragraph, and fail to make such payment(s) within the 10 day grace period as well, Plaintiff shall have the right to enter a Consent Judgment in the amount of $30,000.00 (to be set-off solely by payments made to the date of the default under this agreement), plus any applicable penalties and interest, reasonable attorneys' fees and costs. To the extent Plaintiff is caused to seek judgment under this provision Defendants agree that they waive any defenses to such judgment with the exception of disputing the total amount of the remaining payments due under this Agreement.

Robert Way and Morgan & Morgan, P.A. shall be responsible for all taxes relating to the payments made hereunder with the exception that Employer agrees to pay the employer's share of payroll taxes or contributions on the W-2 (unpaid wages) portion of the settlement.

5.    **No Consideration Absent Execution of This Agreement.** Employee understands and agrees he would not receive the settlement payments and/or benefits specified in Paragraph 3 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

6.    **Release of Claims:** Except for the obligations of this Settlement Agreement, which are not hereby released and which shall survive the execution hereof, it is the express intent of Employee to enter into this full and final settlement and compromise of any and all wage claims against Employer up through this date, and therefore Employee hereby releases all wage claims against Employer, including without limitation all claims for alleged unpaid overtime compensation under the Fair Labor Standards Act or any state wages law. Employee and his counsel further represent that they have not initiated or caused to be initiated against Employer any claim, suit, investigation or proceeding of any kind, and that they will not institute any claim, suit, investigation or proceeding of any kind with respect to the released claims.

7.    **No Admission of Liability:** By this settlement, no party admits any liability, but rather the parties have agreed to this settlement as a compromise of disputed claims in the interests of avoiding the costs and uncertainty of litigation. The Parties expressly state that this settlement relates to, among other things, disputed wages.

8.     **Entire Agreement:** This Agreement sets forth the entire understanding of the parties and no verbal or written warranties or representations have been made or have been relied upon which do not appear in writing within this Agreement.

9.     **Section Headings**.   Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

10.     **Legal Fees**.  If a party establishes in a court of competent jurisdiction that the other party has breached or caused any breach of this Agreement, the prevailing party in such action or proceeding shall be entitled to receive from the other party an amount equal to the prevailing party's reasonable attorney's fees and expenses incurred as a result of such action or proceeding, to the extent permitted by law.

11.     **Joint Participation in Preparation of Agreement.**   The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

12.     **Severability.** If any portion of this Agreement shall to any extent be declared unenforceable or illegal by a court of competent jurisdiction, the remainder of this Agreement shall not be affected thereby, and each portion and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

13.     **Counterparts.**  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Defendants have signed the same instrument.

14.     **Facsimile/Electronic Signatures.** Each party shall execute this Agreement on the designated signature block and direct counsel to transmit that signature page via facsimile or email to counsel for the other parties.  Any signature made and transmitted by facsimile or email for the purpose of executing the Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15.   **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Robert Way was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Way is competent to execute this Agreement.  Mr. Way certifies he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against Employer.

**EMPLOYEE HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING AND HAS CONSULTED WITH HER COUNSEL REGARDING THE AGREEMENT.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO SETTLE AND RELEASE CLAIMS SHE HAS OR MIGHT HAVE AGAINST EMPLOYER.**

The parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:


Robert Way, Plaintiff                          11-21-2016
                                               Date


Concrete Placement Construction, Inc.,         12-9-16
Defendant                                      Date
By:


James Kimbler, Defendant                       12-9-2016
                                               Date


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

7